

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 8, 2022

**BY EMAIL**

The Honorable John P. Cronan
United States District Judge
Southern District of New York
Daniel P. Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

The Honorable Lewis J. Liman
United States District Judge
Southern District of New York
Daniel P. Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Brandon Robinson*, 21 Cr. 762 (JPC)
             *United States v. Kai Johnson*, 22 Cr. 191 (LJL)

Dear Judge Cronan and Judge Liman:

      The Government writes to bring to the Court's attention the discovery of a potential conflict of interest involving Lauren Di Chiara, Esq., who is currently appointed as co-counsel for Defendant Brandon Robinson and Defendant Kai Johnson. The Government suggests that conferences be scheduled with Robinson and Johnson to determine whether the potential conflict of interest may present issues in this case that should be addressed by the Court. Ms. Di Chiara's co-counsel in the *Robinson* case, Harvey Fishbein, Esq. and Ms. Di Chiara's counsel in the *Johnson* case, Peter Quijano, Esq. and Anna Sideris, Esq., have consulted with both of their respective clients, who indicated that they are willing to waive any potential conflicts, and they believe that no conferences are necessary.

Background

      Since at least in or around the Summer of 2018, the Government has been investigating gang violence in the Soundview neighborhood of the Bronx, which has resulted in multiple indictments being brought against gang members based in the James Monroe Houses (the

"Monroe Houses Crew"); the Castle Hill Houses (the "Castle Hill Crew"); and the Stevenson Commons Apartment Complex (the "Stevenson Commons Crew").  *See United States v. Nyshiem Spencer et al.*, 20 Cr. 78 (AT) (Monroe Houses Crew); *United States v. Nicholas Joseph*, 20 Cr. 603 (PKC) (Castle Hill Crew); *United States v. Robert Wilson et al.*, 19 Cr. 625 (JMF) and *United States v. Kai Johnson*, 22 Cr. 191 (LJL) (Stevenson Commons Crew).  Based on the Government's investigation, it appears that members of the Castle Hill Crew and the Stevenson Commons Crew have frequently committed crimes together, including drug trafficking in New York City and Maine, bank fraud, and acts of violence against rival gang members from the Monroe Houses Crew.  The Government believes that Defendant Brandon Robinson is a member of the Castle Hill Crew, while Defendant Kai Johnson is a member of the Stevenson Commons Crew.  As a result, the Government believes that Robinson and Johnson likely know each other and have information about crimes that the other has committed.

Defendant Brandon Robinson has pleaded guilty to being a felon in possession of a firearm and is scheduled to be sentenced on September 19, 2022.  Robinson is currently represented by Harvey Fishbein, Esq., and Ms. Di Chiara was appointed as co-counsel on February 15, 2022.  Defendant Kai Johnson is currently charged with murder in aid of racketeering, racketeering conspiracy, attempted murder and assault with a deadly weapon in aid of racketeering, and being a felon in possession of ammunition.  Trial is currently scheduled for May 2023.  Johnson is currently represented by Peter Quijano, Esq. and Anna Sideris, Esq., and Ms. Di Chiara was appointed as co-counsel on July 12, 2022—approximately four weeks ago.

When the Government became aware that Ms. Di Chiara was assigned to both defendants, the Government informed defense counsel of the possible conflict.  The Government indicated that if Ms. Di Chiara did not wish to withdraw from representing Defendant Kai Johnson (who she only recently was appointed to represent), both defendants would likely need to waive any potential conflicts that could arise from her representation of both defendants.

<u>Applicable Law and Discussion</u>

A defendant's right to counsel under the Sixth Amendment includes the right to be represented by an attorney who is free from conflicts of interest.  *United States v. Kliti*, 156 F.3d 150, 153 (2d Cir. 1998) (collecting cases).  "When the trial court knows or reasonably should know of the possibility of a conflict of interest, it has a threshold obligation to determine whether the attorney has an actual conflict, a potential conflict, or no conflict."  *Id.*  "Whenever the Court's inquiry reveals that a criminal defendant's attorney in fact suffers from an actual or potential conflict, the court has a subsequent 'disqualification/waiver' obligation."  *United States v. Levy*, 25 F.3d 146, 153 (2d Cir. 1994).  "If the conflict is so severe that no rational defendant would waive it, the court must disqualify the attorney."  *Kliti*, 156 F.3d at 153.  "If it is a lesser conflict, the court must conduct a *Curcio* hearing to determine whether the defendant will knowingly and intelligently waive his right to conflict-free representation."  *Id.*  "Before a defendant can knowingly and intelligently waive a conflict, the court must: (1) advise the defendant about potential conflicts; (2) determine whether the defendant understands the risks of those conflicts; and (3) give the defendant time to digest and contemplate the risks, with the aid of independent counsel if desired.  *Id.* (citing *United States v. Curcio*, 680 F.2d 881, 888-90 (2d Cir. 1982).

2

      Because of the potential conflict-of-interest that could arise in Ms. Di Chiara's simultaneous representation of both Brandon Robinson and Kai Johnson, the Government respectfully requests that the Court conduct an inquiry regarding the following issues: (1) inquire of Ms. Di Chiara about her simultaneous representation of Brandon Robinson and Kai Johnson, and what, if any, impacts this simultaneous representation may have on her ability to provide conflict-free counsel to the defendants, or her ability to continue representing both defendants if one of the defendants is called to testify against the other in the future; and (2) inquire of Brandon Robinson and Kai Johnson with respect to their willingness to go forward with Ms. Di Chiara as co-counsel. If the Court agrees with this approach, the Government can provide a list of proposed questions for this inquiry under seal.

                                                        Respectfully submitted,

                                                        DAMIAN WILLIAMS  
                                                        United States Attorney  
                                                        Southern District of New York

By:    /s/_____  
        Andrew K. Chan / Justin V. Rodriguez  
        Emily A. Johnson / Jason Richman  
        Assistant United States Attorneys  
        (212) 637-1072 / 2591 / 2409 / 2589

cc: Counsel for Defendants Brandon Robinson and Kai Johnson

---

On August 18, 2022 at 2:30 p.m. in Courtroom 12D of 500 Pearl Street, New York, NY 10007, the Government and Mr. Robinson, along with Mr. Robinson's counsel, shall appear for a hearing under *United States v. Curcio*, 680 F.2d 881 (2d Cir. 1982), to discuss the potential conflicts-of-interest that could arise in Ms. Di Chiara's simultaneous representation of Brandon Robinson and Kai Johnson. By August 12, 2022, the Government shall provide the Court a list of proposed questions to ask the Mr. Robinson and his counsel at the *Curcio* hearing.

SO ORDERED.  
Date: August 10, 2022  
      New York, New York  
                                                JOHN P. CRONAN  
                                                United States District Judge